UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DERRICK HALL et al.,

        Plaintiffs,                  Case No. 2:11-cv-57

v.                                         Honorable Gordon J. Quist

JEFF WOODS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by multiple state prisoners pursuant to 42 U.S.C. § 1983. Plaintiff Derrick Hall is the sole remaining Plaintiff at this stage of the case.[1] Before the Court is Plaintiff's motion for preliminary injunction (*see* docket #1).

### **Factual Allegations**

Plaintiff Derrick Hall presently is incarcerated with the Michigan Department of Corrections (MDOC) and is housed at the Macomb Correctional Facility (MRF), though the actions he complains of occurred while he was housed at the Kinross Correctional Facility (KCF). He sues Warden Jeff Woods and MDOC Director Richard McKeon.

According to the complaint, KCF has a segregation unit designed to separate prisoners with behavioral problems from the general prison population. The segregation unit has sixteen rooms. Eleven of those rooms are occupied by a single prisoner in each room while the other five rooms house six inmates in each room. The six-man rooms are of the same "physical

---

[1] The complaint also named inmates Ramon Jackson, Cortez Blake, Joseph Loving, Jeff W. Hurley and Lonnie English-Bey as Plaintiffs. In two separate orders entered on April 21 and July 8, 2011, respectively, the Court dismissed the foregoing Plaintiffs without prejudice for failure to prosecute. (*See* docket ##10, 13.)

plant" as the rooms housing four prisoners in the general population unit.  On an unspecified date, Plaintiff Hall was placed in one of the six-man rooms with the other five Plaintiffs named in the complaint.[2]  The six-man rooms do not have sinks, toilets, chairs, or writing surfaces. The windows for the six-man rooms are covered so that inmates cannot see outside, and they are locked so that fresh air is "rarely able or available to penetrate the rooms."  (Compl., docket #1, Page ID#2-3.) Due to lack of space, Plaintiff and his cell-mates were confined to their bunks for twenty-four hours a day, seven days per week.  Because there is no sink or toilet in the room, the inmates are forced to "kick a piece of paper under the door in order to appeal to staff to let them use the bathroom." (*Id.* at Page ID#3.)  The room "reek[ed] with bodily odors" because Plaintiff and his cell-mates were not allowed daily showers, and because they were often forced to hold their bowel movements. (*Id.* at Page ID#3.)  The complaint alleges that the six-man cell environment is "inhumane, dangerous and very suffocating," and that it has led to "numerous prisoner assaults in segregation."  (*Id.*)

        Plaintiff Hall and the other named plaintiffs brought their concerns to Defendants Woods and McKeon but Defendants allegedly are acting according to a "code" or policy.  (*Id.* at Page ID#3.)  Plaintiff seeks a preliminary injunction ordering Defendants to cease placing six prisoners in the same room at the KCF segregation unit.  Plaintiff asserts that he and other prisoners stand to suffer the following hardships in the absence of an injunction: (1) potential loss of life; (2) serious physical harm; (3) "emotional and severe psychological scarring"; (4) more segregation time if inmates "have to fight with another prisoner because of the agitation of [the six-man cell] environment"; (5) criminal charges and a possible conviction if inmates are forced to defend

---

[2] The complaint does not specify when or for how long Plaintiff Hall, or any of the other named plaintiffs, were housed in the six-man cell.

themselves in the six-man cell; (6) denial of parole if inmates are given misconduct convictions for fighting in the six-man cells. (*Id.* at Page ID#4-5.)

## Discussion

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coalition for the Homeless*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir.

1989).  Plaintiff has not met this burden.  It is not at all clear from Plaintiff's complaint that he has a substantial likelihood of success on his Eighth Amendment claim.  Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a substantial showing of a violation of his constitutional rights.  Typically, placement in segregation (and the loss of privileges accompanying such placement) is not, in itself, sufficient to support an Eighth Amendment claim.  To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Restrictions that are limiting or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional.  *Id.*  Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).  Moreover, in an unpublished opinion, the Sixth Circuit affirmed the dismissal of an Eighth Amendment claim similar to Plaintiff's, which concerned the use of the six-man cells at the KCF facility.  *See Jasman v. Schmidt*, 4 F. App'x 233, 235-36 (6th Cir. 2001).

Second, the presence of irreparable harm is not evident.  A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages.  *See Overstreet*, 305 F.3d at 578.  While the complaint alleges that there is a risk of injury to inmates placed in the six-man cells, these allegations are largely speculative.  The complaint alleges that use of the six-man cell for segregated prisoners has led to "numerous prisoner assaults in segregation" (Compl., docket #1, Page ID#3), but it provides no further details regarding the nature of these assaults, including when they occurred, their frequency, their severity, or the resulting harm.  The complaint does not allege that Plaintiff Hall (or any of the other prisoners in his cell) were assaulted or threatened with harm while being held in the six-man cell.  Moreover, the

risk of harm to Plaintiff in the absence of a preliminary injunction is remote because he is no longer being housed in the six-man cell at KCF. According to MDOC records, he has been transferred to another facility.[3] Thus, the complaint fails to set forth specific facts showing an immediate, concrete and irreparable harm to Plaintiff or others in the absence of the preliminary injunction.

Third, the interests of third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Accordingly, the motion for preliminary injunctive relief will be denied.

An Order consistent with this Opinion will be entered.


Dated: August 24, 2011                                                  /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's current place of incarceration can be found at the Offender Tracking Information System of the Michigan Department of Corrections, which is available at http://mdocweb.state.mi.us/OTIS2/otis2.aspx.